UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-716-H

DEMETRIUS S. WEST                                                                PLAINTIFF

V.

UNITED PARCEL SERVICE, INC.                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Demetrius West ("West") filed suit against Defendant, United Parcel Service, Inc. ("UPS"), in Jefferson Circuit Court on November 10, 2010, alleging unlawful disability discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), *KRS Chapter 344, et seq.*[1] West also brought a promissory estoppel claim under Kentucky law. UPS removed to this Court on November 24, 2010, and on December 30, 2010, both parties submitted a discovery plan stipulating that discovery would end on August 15, 2011. On February 3, 2011, well ahead of the discovery deadline, UPS filed a motion for judgment on the pleadings. Neither party has taken depositions nor have they served requests for written interrogatories.

Although UPS filed a motion for judgment on the pleadings, West has requested that the Court treat the motion as a motion for summary judgment and UPS does not object. Thus, the Court will consider the motion as a summary judgment motion. A disability discrimination claim requires a thorough, fact-intensive analysis, and summary judgment is appropriate only where there is no genuine issue of material fact. *Fed.R.Civ.P. 56(c)*. Therefore, the Court will

---

[1] Courts have interpreted the KCRA consistently with federal anti-discrimination law, so the Court will analyze West's disability discrimination claim under the framework provided by the Americans with Disabilities Act ("ADA"), *42 U.S.C. § 12101, et seq. See Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003); *Brohm v. JH Properties, Inc.*, 149 F.3d 517, 520 (6th Cir. 1998).

not rule on the motion until discovery is complete and all of the relevant facts are known. Still, the Court anticipates that Plaintiff will have difficulty proving particular elements of his disability discrimination claim. In an effort to guide the parties as they proceed with discovery, the Court will discuss the problematic elements of the claim briefly after a short statement of the facts.

West, a Louisville resident, began his employment with UPS around May 24, 2003 as a Feeder Driver. Feeder Drivers operate large tractor-trailer rigs to transport UPS packages to their next destination in the UPS delivery system. UPS promoted West to a Feeder Supervisor position around September of 2004. Feeder Supervisors manage a group of approximately 50 Feeder Drivers, and the position requires them to operate the large tractor-trailer rigs used by Feeder Drivers from time to time, particularly when training Feeder Drivers. The Department of Transportation requires employees who operate commercial motor vehicles to be medically certified as physically qualified to operate such vehicles. *See* 49 C.F.R. § 391.41(a)(1)(i).

UPS contracted with BaptistWorx in Louisville, Ky., to perform the physical examinations. In 2009, Dr. Mike Newkirk of BaptistWorx refused to certify West because West's primary care physician, Dr. Lawrence Peters, would not discontinue proscribing him opiate medication.[2] Instead, Dr. Peters provided documentation saying that West's medications were closely monitored and that he had no concerns regarding West's safe operation of a commercial motor vehicle. The federal regulations provides drivers with an appeals process when there are conflicting medical opinions concerning driver qualification. *See* 49 C.F.R. § 391.47. Webb did not seek relief from that process. Instead, he went on leave from

---

[2] West takes the pain medication because he suffered a serious back injury during his prior employment as a fireman for the City of Louisville.

approximately June 25, 2009 to July 8, 2010, at which time UPS terminated his employment pursuant to UPS policy.

Whether West pursues his disability discrimination claim under a disparate treatment theory or a failure to accommodate theory, he has to show that he is both "disabled" and "otherwise qualified." *See Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173 (6th Cir. 1996). It will be difficult for West to do so. West's complaint alleges that UPS regarded him as having a disability, which, if true, places him within the ADA's definition of disabled. *See* 42 U.S.C. § 12102(1). A plaintiff is regarded as having a disability if: "(1) [an employer] mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) [an employer] mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). UPS has a strong argument that they never regarded West as having a disability, and that they made the decision to terminate his employment because he is not qualified for the position. Furthermore, the Sixth Circuit has held that employers do not owe a duty to accommodate an employee who is only regarded as having a disability. *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 467 (6th Cir. 1999).

To show that he is "otherwise qualified," West has to show that he is able to perform the essential job functions of a Feeder Supervisor with a reasonable accommodation. *See* 42 U.S.C. § 12111(8). It is difficult to second-guess the medical determination that West is not qualified to drive a commercial vehicle. Federal Circuit and District Courts unanimously have held that disputes concerning the issue of certification should be resolved through the appeals process

described in the federal regulations,[3] and West did not seek relief through that process. Therefore, to establish that he is otherwise qualified, he must show that driving is not an essential job function of a Feeder Supervisor. Given the job description provided by West himself, this will be difficult.

West's promissory estoppel claim is dependent upon his ability to successfully establish a disability discrimination claim,[4] so the Court will consider the merits of that claim once the parties complete discovery.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court will defer consideration of UPS's motion for summary judgment until the close of discovery.

IT IS FURTHER ORDERED that both parties will have the opportunity to amend their pleadings at such time.

---

[3] *See e.g. Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 638 (8th Cir. 2003); *Cliburn v. CUSA KBC, LLC*, No. SA-07-cv-0620, 2007 U.S. Dist. LEXIS 86637, *7-8 (W.D. Tex. Nov. 25, 2007); *Prado v. Continental Air Transp. Co.*, 982 F. Supp. 1304, 1307-08 (N.D. Ill. 1997); *Campbell v. Fed. Express Corp.,* 918 F. Supp. 912, 918-19 (D. Md. 1996); *King v. Mrs. Grissom's Salads, Inc.*, No. 98-5258, 1999 U.S. App. LEXIS 17944, *7 (6th Cir. July 22, 1999) (unpublished).

[4] The Court assumes for the moment that the promissory estoppel claim is not preempted by the KCRA. The Court will consider the preemption issue, if necessary, at the close of discovery.

cc: Counsel of Record